UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| **Demay International, LLC** | § | Bankruptcy Case **09-35759** |
| *Debtor* | § | |
| **GSL of Ill, LLC** | § | Civil Action **4:10cv2128** |
| *Debtor* | § | |

# MOTION OF GSL OF ILL, LLC FOR STAY PENDING APPEAL OF ORDER DENYING CLAIM OBJECTION OR ALTERNATIVELY APPROVAL OF SUPERCEDEAS BOND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, **GSL OF ILL, INC.** ("GSL") and files this Motion for Entry of a Stay OR Alternatively Approval of Supersedeas Bond on enforcement of the Bankruptcy Court's Order Overruling Objection To Proof of Claim 67 of McCaffety Electric Company, Inc. entered on the 9th day of June 2010 and in support thereof would respectfully represent:

## FACTUAL BACKGROUND

1. On August 5, 2009 Demay International, LLC ("Debtor") filed Chapter 11 of Title 11 of the United States Code.

2. At the time of the filing GSL held a first security interest in virtually all of the Debtor's assets, including equipment, accounts and other sources of cash collateral, to secure the obligations of the Debtor to GSL in excess of $14.5 Million dollars.

3. On January 13, 2010 the objection that is the subject of this Motion, was filed challenging the alleged secured claim of McCaffety Electric Company, Inc. ("McCaffety") against the property of the Debtor.

4. On February 12, 2010 the Court entered its order authorizing sale of virtually all of the Debtor's assets with liens to attach to proceeds, including the liens of GSL. To facilitate the closing, any liens subsequently determined to secure McCaffety were also attached to proceeds and an escrow in the amount of $350,000 "(Escrow)" was established from the sales proceeds payable to GSL to assure that in the event McCaffety prevailed on its claim resulting in a priority to GSL, funds would be available to pay such claim.

5. On May 27, 2010 the court concluded hearing the objection to the claim. Then, on June 9, 2010 entered its Order that ruled the Objection To Proof of Claim 67 of McCaffety Electric Company, Inc. was overruled. Attached hereto as Exhibit "A" is a true and correct copy of such Order entered at Bankruptcy Court Docket #399.

6. GSL timely filed its appeal under 28 U.S.C. §158(a) or (b) from the Order. In its appeal, GSL challenges the Order of the Bankruptcy Court on the following issues:

A. Whether the Bankruptcy Court erred in ruling that electrical equipment installed on the real property leased by the Debtor was property of the estate when the Debtor failed to assume the lease.

B. Whether the Bankruptcy Court erred in ruling that the fixtures on the leasehold were sold by the Debtor.

C. Whether the Bankruptcy Court erred in ruling that the interest of the mechanic's lien on fixtures under the lease was not terminated as to the Debtor, when the lease was terminated.

D. Whether the Bankruptcy Court erred in ruling that McCaffety's purported mechanics lien has a priority interest over GSL's lien pursuant to Texas Property Code.

E. Whether the Bankruptcy Court erred in construing the lease agreement provisions that the Debtor owned fixtures installed on the leasehold premises.

F. Whether the Bankruptcy Court erred in construing the reservation of rights and establishment of escrow under the Asset Purchase Agreement and Sale.

Page 2 of 7

7. On June 15, 2010, GSL filed its request pursuant to Fed. R. Bankr. P 8006 for a stay pending appeal. On June 23, 2010, the United States Bankruptcy Court denied the Motion filed by GSL and rejected stay of the Appealed Order.

## REQUEST FOR STAY

8. Pursuant to Bankruptcy Rule 8005, on request of a party the Bankruptcy Court can stay an underlying bankruptcy court judgment, order or decree pending appeal FED. R. BANR. P. 8005. The request for stay must ordinarily be presented to the bankruptcy judge in the first instance and then modification or termination of relief granted by a bankruptcy judge, may be made to the district court. Having been denied protection of the stay pending appeal in the Bankruptcy Court, GSL files this request with the assigned United States District Court.

9. In view of this case being an apparent case of first impression regarding the application of bankruptcy law in the Fifth Circuit in which a court has ruled that the holder of a mechanic's lien against property placed on a leasehold under which the Debtor is lessee, prevails over a lien secured by personalty of the Debtor, it is plausible that an appellate court would view the issues differently than the Bankruptcy court and provide relief to GSL. Further, after recognizing that the lease agreement relating to this case was terminated at some point, the ruling that McCaffety continues to hold a lien against property of the state, is inapposite to the only Texas case addressing this issue. *See for example, General Elec. Capital Corp. v. BCI Mechanical, Inc., 2002 WL 59342 (Tex.Ap.-Dallas Jan 17, 2002) (NO. 05-98-01882-CV), review denied (Jan 16, 2003), rehearing of petition for review denied (2003).*

10. Further, since the escrow continues to be maintained in a secure account, no harm will be suffered by McCaffety, the Debtor or the creditors of the estate. Provided however, in the event that enforcement of the Order is not stayed, McCaffety may utilize the escrow and the rights that GSL seeks to redress will likely be a vacant right for the reason that the funds against which it also has maintained a lien will be gone.

11. The Bankruptcy Court recognized at the hearing considering the stay, that at least three (3) of the six (6) issues decided important points of law that may likely be determined adversely on appeal.

12. Finally, the public interest is served by providing predictability for potential lenders in Texas regarding mechanics liens on bare leasehold interests of debtors.

13. Notwithstanding the Court's disagreement with GSL regarding the priority of its lien, the termination of the lease, the construction of the lease agreement, and the issue of whether the purported collateral securing the mechanic's lien of McCaffety was indeed property of the estate, the facts of this case meet the burden required for a stay and clearly the balance of equities should maintain the status quo until a ruling by the appellate court.

14. There is no harm in postponing the disbursement of the Escrow for the reason that it is a self sustaining asset and secure.  The interest on the fund will preserve the net present value of the Escrow and  it will be available for distribution at the conclusion of the appeal.

## REQUEST FOR DETERMINATION OF AMOUNT OF SUPERSEDEAS

15. Pursuant to F. R. Civ. P 62, if an appeal is taken, the appellant may obtain a stay by *supersedeas* bond. The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

16. The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal. *See Poplar Grove Planting and Ref. Co., Inc., 600 F.2d at 1190-91. "[T]he bond secures the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal." Id. at 1191. In deciding how best to secure the non-appealing party from loss, the court applies general equitable principles. See, e.g., Miami Int'l Realty Co. v. Paynter, 807 F.2d 871, 873 (10th Cir.1986).*  The Fifth Circuit has focused these general principles into a formula for setting the amount of a supersedeas bond. Unless the court finds otherwise, the amount of the supersedeas bond should "include the whole amount of the judgment remaining unsatisfied, costs

on the appeal, interest, and damages for delay." *Poplar Grove Planting and Ref. Co. Inc., 600 F.2d at 1191* (looking to Civil Rule 73(d), the predecessor to Rule 62(d), for guidance on appropriate measure of supersedeas bond). *In re Texas Equipment Co., Inc., 283 B.R. 222 (Bankry N.D. Tex, 2002).*

17. Rule 62 is the *"modern-day source of the matter-of-right stay of execution pending appeal from money judgments." In re Swift Aire Lines, Inc ., 21 B.R. 12, 14 (B.A.P. 9th Cir.1982).* Without recourse to Rule 62(d), references to *"supersedeas stays"* in *Fed. R. Bankry P. 8005* would be meaningless because "supersedeas stays" are not defined elsewhere in the bankruptcy rules. As *Fed. R. Bankry P 8005* must be interpreted and applied in light of *Fed. R. Bankry P. 7062* and Rule 62, stays under Rule 62 are equally applicable to supersedeas stays in bankruptcy considered under *Fed. R. Bankry P.* 8005. Therefore, the district court must recognize the matter-of-right to a stay when considering a supersedeas stay of a bankruptcy court's monetary judgment. *In re Havens Steel Co. United States District Court, W.D. Missouri, Western Division. (January 12, 2005  Not Reported in F.Supp.2d.).* The Order appealed in the instant case is an order directing payment to Appellee from property placed in escrow by Appellant.

18. Somewhat instructive are the local district court rules for the Northern District of Texas, which state: "[u]nless otherwise ordered by the presiding judge, a supersedeas bond staying execution of a money judgment shall be in the amount of the judgment, plus 20% of that amount to cover interest and any award of damages for delay, plus $250.00 to cover costs." N.D.TEX.L.R. 62.1. *In re Texas Equipment Co., Inc., 283 B.R. 222 (Bankry N.D. Tex, 2002).*

19. In the instant case, the amount of the Final Order is $337,279.00 and the escrow created holds $350,000. In applying the above factors, the stay should be granted on the deposit of the amount of $404,974, as follows:

a.)  Deliver from Escrow to registry of the United States District Court....$350,000.00

b.)  Additional cash or bond in the amount of 20% of Judgment ................$54,724.00

   c.)  Costs ................................................................................................$250.00

20.  GSL seeks a stay of the Order in Exhibit "A" pending the appeal and proposes that the equities and the additional supercedeas bond will maintain status quo while protecting the non-appealing party's rights pending appeal.

21. Counsel for McCaffety Electric Company opposes the relief sought in this Motion.

WHEREFORE, **GSL of ILL, LLC** prays that this Court enter its order staying the effect of the Order Overruling Objection To Proof of Claim 67 of McCaffety Electric Company, Inc. entered in this case until the appeal is concluded; set the amount of supercedeas bond in the manner described in this Motion and for all other relief to which it is justly entitled.

Dated: June 28, 2010.
                         Respectfully submitted,

                         **Law Offices Of Peter Johnson**
                         Eleven Greenway Plaza
                         Summit Tower, Suite 2820
                         Post Office Box 980877
                         Houston, Texas 77098-0877
                         (713) 961.1200 (telephone)
                         (713) 961.0941 (facsimile)
                         */s/Peter Johnson/*
     By: _____
                         Peter Johnson SBT 10778400
                         **COUNSEL FOR  GSL of ILL, LLC**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing Motion was served on the parties required by Local Bankruptcy Rule  in this case, including Richard A Simmons on behalf of Creditor McCaffety Electric Company  by electronic notice pursuant to the Local  Rules on June 28, 2010.

*/s/Peter Johnson/*

_____
PETER JOHNSON

Marc H Schneider on behalf of Creditor McCaffety Electric Company
lawfirm@ws-law.com, alicia@ws-law.com;linda@ws-law.com;tracy@ws-law.com;marcs@ws-law.com;faithe@ws-law.com
Richard A Simmons on behalf of Creditor McCaffety Electric Company
rsimmons@ws-law.com, debra@ws-law.com
Stephen Douglas Statham on behalf of U.S. Trustee US Trustee
stephen.statham@usdoj.gov
Donald L Wyatt on behalf of Attorney Donald Wyatt
don.wyatt@wyattpllc.com, shirley.stubbs@wyattpllc.com;paula.piano@wyattpllc.com

EXHIBIT "A"

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION



ENTERED
06/09/2010

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| DEMAY INTERNATIONAL, L.L.C. | § | Case No. 09-35759-H4-11 |
| | § | |
| Debtor. | § | |

## ORDER OVERRULING OBJECTION TO PROOF OF CLAIM 67 OF MCCAFFETY ELECTRIC COMPANY, INC.
[Docket No. 196]

The Court has issued a Memorandum Opinion concerning the Objection to Proof of Claim 67 of McCaffety Electric Company, Inc. (the Objection). [Docket No. 196]. This Memorandum Opinion is being entered on the docket simultaneously with the entry on the docket of this Order. For the reasons set forth in the Memorandum Opinion, the Objection is overruled in its entirety. It is therefore:

ORDERED that the Objection is OVERRULED in its entirety; and it is further

ORDERED that as of the date of the Sale Order (as defined in the Memorandum Opinion), the mechanic's lien of McCaffety Electric Company, Inc. was valid and enforceable, and attached to the $350,000.00 placed in escrow by the Debtor; and it is further

ORDERED that from these escrowed monies, the amount of $337,279.00 shall be immediately distributed to McCaffety Electric Company, Inc. in full satisfaction of its allowed secured claim in this Chapter 11 case.

Signed on this 9th day of June, 2010

_____
Jeff Bohm
United States Bankruptcy Judge