IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Bankruptcy Case 09-35759-H4-11 |
| Demay International LLC, | § | |
| | § | Civil Action H-10-2128 |
| Debtor | § | |
| GSL of Ill, LLC, | § | |
| Debtor. | § | |

**OPINION AND ORDER**

Pending before the Court in the above referenced action, appealing a bankruptcy judge's June 9, 2010 order overruling an Objection to Proof of Claim 67 of McCaffety Electric Co., Inc., is Appellant GSL of Ill, Inc.'s ("GSL's") motion for stay on enforcement of that order denying claim objection pending appeal of it, or alternatively request for determination of the amount and approval of a supersedeas bond (instrument #3).

GSL explains that when Debtor Demay International, LLC ("Demay") voluntarily filed for bankruptcy under Chapter 11 of Title 11 of the United State Code on August 5, 2009, GSL held a first security interest in virtually all of the Debtor's assets, including equipment, accounts and other sources of cash collateral, to secure the obligations of the Debtor to GSL in excess of $14.5 million. On January 13, 2010, Demay filed an objection challenging the alleged secured claim of Creditor McCaffety Electric Company, Inc. ("McCaffety") against the Debtor's property. On February 12, 2010 the bankruptcy court entered an order authorizing the sale of virtually all of the Debtor's assets with liens to attach to the sale proceeds, including the liens of GSL. To facilitate the closing, any liens subsequently determined to secure McCaffety were also attached to the sale proceeds, and an escrow in the amount of $350,000 ("the escrow") was created from the sales proceeds payable to GSL to assure that if McCaffety prevailed on its claim resulting in a priority to GSL, funds would be available to pay such claim.

After a hearing on the objection to McCaffety's claim concluded on May 27, 2010, on June 9, 2010 the United States Bankruptcy Judge Jeff Bohm overruled Demay's objection, ordered that McCaffety's mechanic's lien was valid and enforceable, and ordered $337,279.00 from the escrowed funds to be immediately distributed to McCaffety, Appellee here, in full satisfaction of its allowed secured claim. Ex. A (Bankruptcy Court Docket #399), referencing Judge Bohm's Memorandum Opinion, #398 on the Bankruptcy Court Docket.

On June 17, 2010 GSL filed its notice of appeal from that order.

On June 28, 2010 the bankruptcy judge denied GSL's motion for stay pending appeal of his order denying claim objection, a copy of which is instrument #2 in this action (#399 on the Bankruptcy Court Docket).

For the reasons stated below, the Court concludes that GSL's motion for stay pending appeal or, alternatively, for supersedeas bond, should be denied, while its request for a determination of the amount of a supersedeas bond to obtain a stay should be granted.

**Relevant Law**

This Court's decision whether to grant a stay of a pending appeal of a bankruptcy court's order falls within the Court's sound discretion. *In re First South Savings Ass'n*, 820 F.2d 700, 709 (5th Cir. 1987); *In re Mounce*, No. 03-55022, 2008 WL 2713323, *2 (W.D. Tex. July 10, 2008).

The Fifth Circuit applies a four-prong test for consideration in determining whether a court should grant a stay pending appeal:

(1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is denied; (3) whether granting the stay would substantially harm other parties; and (4) whether granting of the stay would serve the public interest. *Arnold v.*

*Garlock*, 278 F.3d 426, 438-39 (5th Cir. 2001). The party requesting the stay bears the burden of establishing each of the four factors. *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982). Failure to satisfy one of the four prongs defeats a motion to stay. *Smith v. Schmidt*, Civ. A. No. C-07-126, 2007 U.S. Dist. LEXIS 41901, *12 (S.D. Tex. June 8, 2007), *citing In re Texas Equipment Co.* , 283 B.R. 222, 227 (Bankr. N.D. Tex. 2002)("In the Fifth Circuit, each of these elements must be met by the party seeking the stay").

Regarding the first factor, "The movant need not always show a 'probability' of success on the merits; instead the movant need only present a substantial case on the merits when a serious legal question[1] is involved, and show that the balance of equities weighs heavily in favor of granting the stay." *Ruiz*, 666 F.2d at 565. "[I]f the balance of equities (i.e., consideration of the other three factors) is not heavily tilted in the movant's favor, the movant must then make a more substantial showing of likelihood of success on the merits in order to obtain a stay pending appeal." *Id.* at 565-66. Thus if the movant fails to demonstrate that it is probably or likely to succeed on appeal, it can still establish that a stay should be granted by making a "substantial case" that a legal issue is at stake and showing that the balance of equities tilts heavily in its favor. *In re First Savings Ass'n*, 830 F.2d 700, 704 (5th Cir. 1987); *Mounce*, 2008 WL 2714423, at *2 ("In other words, the movant's burden on the first prong may be lightened-say, from 'probable' to 'merely possible'--if, for the remaining three prongs (commonly referred to collectively as the 'balance of equities'), the movant makes a compelling case that, in all likelihood, the movant will suffer irreparable harm in the absence of a stay pending appeal, and that any harm to other parties will

---

1

A "'serious legal question' is one 'of substantial import to others,' . . . 'the resolution of which could have far-reaching effects.'" Asarco LLC v. Americas Mining Corp., 419 B.R. 737 (S.D. Tex. 2009), *citing Nat'l Treasury Employees Union v. Raab*, 808 F.2d 1057, 1059 (5th Cir. 1987), and *Wildmon v. Berwick Universal Pictures*, 393 F.2d 21, 24 (5th Cir. 1992).

be minimal in comparison to the harm to be suffered by the movant.”).

With regard to the third factor, whether granting a stay would substantially harm the other parties, merely maintaining the status quo to protect the appellant’s rights is not sufficient; the court should consider harm, including the effect of delay, to numerous other parties involved in the bankruptcy litigation. *S.C, of Oakaloosa, Inc.*, No. CIV A 06-1058, 2006 WL 2356007, *3-4 (W.D. La. Aug. 14, 2006).

Federal Rule of Bankruptcy Procedure 8005 provides in relevant

part,

> A motion for a stay of judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest. A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge. The district court or the bankruptcy appellate panel may condition the relief it grants under this rule on the filing of a bond or other appropriate security with the bankruptcy court.

If, on filing the motion for stay in the district court, the appellant fails to meet its initial burden to demonstrate why the bankruptcy court denied the relief, modification, or termination of relief granted by the bankruptcy court, a stay may be denied on that basis alone. *In re Alaniz, III*, No. C-10-367, 2010 WL 5540930, *2 (S.D. Tex. Dec. 14, 2010), *citing In re Stewart*, 2009 WL 1649731, *2 (E.D. La. June 10, 2009).

On June 15, 2010, GSL filed a motion for stay pending appeal in the bankruptcy court, pursuant to Fed. R. Bankr. P. 8005. The bankruptcy judge denied the motion and rejected the requested stay, and GSL has filed that request with this Court, to which the bankruptcy appeal has been assigned. GSL states that counsel for McCaffety opposes the instant motion.

GSL states that its appeal under 28 U.S.C. § 158(a) or (b) and raises the following issues:

1. Whether the Bankruptcy Court erred in ruling that electrical equipment installed on the real property leased by the Debtor was property of the estate when the Debtor failed to assume the lease.

2. Whether the Bankruptcy Court erred in ruling that the fixtures on the leasehold were sold by the Debtor.

3. Whether the Bankruptcy Court erred in ruling that the interest of the mechanic's lien on fixtures under the lease was not terminated as to the Debtor, when the lease was terminated.

4. Whether the Bankruptcy Court erred in ruling that McCaffety's purported mechanic's lien has a priority interest over GSL's lien pursuant to Texas Property Code.

5. Whether the Bankruptcy Court erred in construing the lease agreement provision that the Debtor owned fixtures installed on the leasehold premises.

6. Whether the Bankruptcy Court erred in construing the reservation of rights and establishment of escrow under the Asset Purchase Agreement and Sale.

GSL represents that at the hearing before the bankruptcy court regarding the requested stay, the bankruptcy judge recognized that at least three of these six issues decided important points of law that may likely be determined adversely on appeal. GSL does not identify the three issues, nor present any evidence that Judge Bohm made such a statement, nor show why they issues are of significant legal importance.

GSL asserts that this is "an apparent case of first impression regarding the application of bankruptcy law in the Fifth Circuit in which a court has ruled that the holder of a mechanic's lien against property placed on a leasehold under which the Debtor is lessee, prevails over a lien secured by personalty of the Debtor." #3 at 3. Furthermore, GSL argues that since the lease agreement relating to this case was terminated at some point, the bankruptcy court's ruling that McCaffety continues to hold a lien against the property of the estate is contrary to the only Texas case addressing the questions. *General Elec. Capital Corp. v. BCI Mechanical, Inc.*, No. 05-98-01882-CV, 2002 WL 59342 (Tex. App.--Dallas Jan. 17, 2002, rev. denied, rehearing denied)(holding that a mechanic's lien terminated upon lease termination).[2] Therefore GSL claims that it is plausible that an appellate court might disagree with the bankruptcy court. Moreover, the bankruptcy judge acknowledged after hearing that the issues on appeal are difficult and ultimately determine the disposition of a significant asset claimed by both McCaffety and GLS. GLS insists that the public interest is served by providing predictability for potential lenders in Texas regarding mechanic's liens on bare leasehold interests of debtors. It also states that no harm would come from postponing the disbursement of the escrow because it is a self-sustaining asset and secure; the interest on the fund will preserve the net present value of the escrow and it will be available for distribution after the appeal is resolved.

In sum, maintains GLS, the facts here satisfy the burden that must be met for a stay and the balance of equities should maintain

---

2 The bankruptcy judge concluded that the lease agreement did not terminate on December 2, 2009 before the February 12, 2010 Sale Order because he had entered an extension order extending the deadline to assume or reject the lease agreement to March 2, 2010 (#141 on the Bankruptcy Court Docket) and no party-in-interest objected to the extension. GSL does not explain why that ruling that the lease agreement did not terminate is erroneous so as to demonstrate that *General Electric* applies here.

the status quo until a ruling by the appellate court.

GSL further urges that since the escrow will be maintained in a secure account, a stay would not impose harm on McCaffety, the Debtor, or other creditors of the estate. If a stay is not imposed and McCaffety utilizes the escrow, the right GSL seeks to address will be lost because the funds against which it, too, has maintained a lien will be gone.

**Court's Decision**

Movant GLS has failed to show what was wrong with the bankruptcy judge's Order and Memorandum Opinion.

Although it bears the burden of proof on all four factors of the test for a stay pending appeal, *Arnold*, 278 F.3d at 439-42, GSL does not submit evidence on them. GSL has clearly not established a likelihood of success on the merits, no less that there is a serious legal issue here and that the "balance of equities" "tilts heavily" in its favor. While it identifies six issues it raises on appeal of the bankruptcy judge's order, it presents no discussion nor argument, nor cites any authority, establishing that it is likely to prevail on any of them or what the merits of any contrary arguments might be. It also conclusorily states, without any discussion, that the bankruptcy judge's order is not consistent with the only Texas case addressing the issue, *General Electric Capital Corp.*, 2002 WL 59342, which the Court notes is unpublished. GLS fails to address, no less challenge, Judge Bohm's meticulous findings of fact and conclusions of law, which this Court finds are carefully, methodically, logically, coherently and thoroughly delineated in the Memorandum Opinion. Indeed, GSL never contests the bankruptcy judge's careful summation and application of the law in Texas regarding mechanic's and materialman's liens. GLS does not attempt to show that its lien is superior to that of McCaffety, the issue implicitly at the core of the judge's ruling and of its own motion for stay or supersedeas bond. Therefore it has also not presented any evidence that it would suffer irreparable harm if a stay or a bond were not imposed. "By definition, 'irreparable

injury' is that for which compensatory damages are unsuitable, yet compensatory damages is precisely the remedy" sought by GSL. *Wildmon v. Berwick Universal Pictures*, 983 F.2d 21, 24 (5 th Cir. 1992). Nor has it alleged how the granting of the motion would affect Demay and other creditors besides McCafferty for which further delay in the bankruptcy case, which has been converted to a Chapter 7 liquidation proceeding, would be inevitable. Finally, while it claims that public interest served by providing predictability for potential lenders in Texas regarding mechanic's liens on bare leasehold interests of debtors, it presents no argument that Judge Bohm's recitation of that law is incorrect. Nor does GSL explains why, if the issue is one of public concern beyond McCafferty and GSL's private dispute, GSL can only find one relevant, but unpublished, Texas case, which appears to be factually inapposite,[3] addressing the question.

**GSL's Alternative Request for**

**Determination of Amount of Supersedeas Bond**

Pursuant to Federal Rule of Civil Procedure 62(d), GSL seeks a stay by posting a supersedeas bond in the sum of $404,974. It points out that the Fifth Circuit has held that unless the court finds otherwise, the amount of such a bond should "include the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest and damages for delay." *Poplar Grove Planting and Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979)(addressing the predecessor to Rule 62(d)); *In re Texas Equipment Co.*, 283 B.R. 222 (Bankr. N.D. Tex. 2002). As a possible method of calculation, GSL points to Local Rule 62.1 of the Northern District of Texas, which states, "Unless otherwise ordered by the presiding judge, a supersedeas bond staying execution of a money judgment shall be in the amount of the judgment plus 20% of that amount to cover interest and any award of

---

3

*See* footnote 1 of this Opinion and Order.

damages for delay, plus $250 to cover costs. *In re Texas Equipment Co.*, 283 B.R. 222 (Bankry, N.D. Tex. 2002). The amount of the judgment in the bankruptcy court's final order is $337,279.00. Thus GSL suggests calculating the appropriate amount of a supersedeas bond as follows:

a. Delivery from the escrow to the registry of the United States District Court . . . . . . . . . . . . . $350,000.00.

b. Additional cash or bond in the amount of 20% of the Judgment . . . . . . . . . . . . . . . . . . . $54,724.00.

c. Costs . . . . . . . . . . . . . . . . . . . . . . $250.00.

It therefore requests that the stay should be granted on its deposit of $404,974.00 to maintain the status quo while protecting the nonappealing party's rights pending appeal.

**Relevant Law**

Under Federal Rule of Civil Procedure 62(d),

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining th order allowing the appeal. The stay takes effect when the court approves the bond.

Generally a supersedeas bond can be filed in the district court to stay the execution of a money judgment pending appeal. *Poplar Grove Planting and Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979); *Enserch Corp. v. Shand Morahan & Co.*, 918 F.2d 462, 463-64 (5th Cir. 1990). The bond must not only be filed, but must be approved by the court. "The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove*, 600 F.3d at 1190-91. The appealing party may "use the bond to avoid the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal," while the bond also "secures the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the

course of an ineffectual appeal." *Id.* at 1191.

In *Poplar Grove*, examining Rule 62(d)'s predecessor, Rule 73(d), the Fifth Circuit observed that the rule required the bond to include "the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing for good cause shown fixes a different amount or orders security other than the bond." 600 F.2d at 1191. The panel further stated, "Although the present rule does not by its terms precisely define the amount and conditions of a supersedeas bond, it has been read consistently with the earlier rule." *Id.* The judgment debtor bears the burden to show why a court should depart from the usual requirement of posting a full bond. *Id.* Once the supersedeas bond is posted and approved, the appellant is entitled to an automatic stay. *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992); *Texas Equipment*, 283 B.R. at 225-26.

**Court's Decision on Bond**

GLS has indicated that if the Court does not grant its motion for stay, it is willing to deposit the full amount of the judgment, plus interest and costs.

McCafferty has not objected to GLS's calculation of the full bond amount.

The Court finds that a deposit of $404,974.00 as a supersedeas bond is adequate to stay execution of the money judgment at issue here.

**ORDER**

Accordingly, for the reasons stated above, the Court ORDERS that GSL's motion for stay on enforcement of that order denying claim objection under Bankruptcy Rule 8005 pending appeal is DENIED, while its alternative request under Rule 62(d) for determination of the amount for an adequate of supersedeas for an

automatic stay under Rule 62(d) is GRANTED. The Court

ORDERS that GSL shall deposit the sum of $404,974.00 in the Court's registry and file proof that it has done so, with a motion for final court approval.

**SIGNED** at Houston, Texas, this 17th day of February, 2011.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE